**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DUANE BOYDE, 1581 Greenway Ave. Columbus, OH 43203, | : : : : | |
| Plaintiff, v. | : : : | **CIVIL ACTION NO.**   23-2543 |
| THE CITY OF COLUMBUS, 90 W. Broad St. Columbus, OH 43215-9000, | : : : : : | |
| and | : : | |
| AUSTIN ENDSLEY, in his individual and official capacities, 120 Marconi Blvd. Columbus, OH 43215, | : : : : : : | JUDGE |
| and | : : | MAGISTRATE JUDGE |
| DANIEL SNYDER, in his individual and official capacities, 120 Marconi Blvd. Columbus, OH 43215, | : : : : : : | **COMPLAINT** |
| Defendants. | : : : | **JURY DEMAND ENDORSED HEREON** |

**I.     Preliminary Statement**

1. This action is for injunctive relief, declaratory relief, compensatory and, punitive damages against Defendants Columbus Division of Police, Officers Austin Endsley and Daniel Snyder, arising out of: (1) their use of excessive and unreasonable force when effectuating the arrest of Plaintiff Duane Boyde on August 9, 2022, when they forcibly removed Plaintiff from the

1

driver's seat of his car and slammed him into the ground, despite Plaintiff offering no resistance to the Defendants' commands, and not posing a threat of harm to the officers or others; (2) the malicious prosecution and false arrest/imprisonment of Plaintiff by the Defendant Officers without probable cause; (3) Defendant City of Columbus' policies, customs, and/or practices leading to an unofficial custom or practice of allowing its officers to use excessive force and/or fabricate allegations in their reports and/or charges against citizens; (4) Defendant Officers' battery of Plaintiff when they touched him without his consent to do so in effectuating an unlawful arrest; and (5) Defendant Officers' criminal conduct in violating his constitutional rights and making false statements in pursuing criminal charges against Plaintiff, for which they are liable under R.C. 2307.60.

## II.     Jurisdiction and Venue

2. Jurisdiction over claims brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983, is conferred on this Court by 28 U.S.C. §§1331, 1343(3) and (4), and jurisdiction over the state law claims is conferred by 28 U.S.C. §1367.

3. Declaratory, injunctive, and equitable relief and compensatory and, against Defendants, punitive damages are sought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201; 2202.

4. Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. §1988 and Fed.R.Civ.P. 54.

5. Venue is proper in this division pursuant to 28 U.S.C. §1391(b) and S.D. Ohio Civ.R. 82.1(b) because the Defendants are in Franklin County where the events giving rise to this action occurred.

## III.    Parties

6. Duane Boyde is over the age of 18 and a resident of Franklin County Ohio and is otherwise qualified to file this suit.

7. Defendant City of Columbus is a political subdivision of the State of Ohio pursuant to Chapter 2744, Ohio Revised Code; at all times material to this Complaint, the employer of Defendants Snyder and Endsley; established policies on and trained and supervised Defendants and its other police officers in the use of physical force during an investigation and arrest, along with how to write reports describing use of force, and determined when excessive force was used and/or reports fabricated or misleading and the discipline for such misconduct..

8. Defendant Austin Endsley at all times material to this Complaint, was employed by Defendant City of Columbus in its Police Department; is being sued in his individual and official capacities; and received training by or on behalf of Defendant City of Columbus in the use of physical force during an investigation and arrest and writing reports about that use, was subject to being supervised and disciplined by Defendant City of Columbus when excessive force was used or fabricated or misleading reports written.

9. Defendant Daniel Snyder at all times material to this Complaint, was employed by Defendant City of Columbus in its Police Department; is being sued in his individual and official capacities; and received training by or on behalf of Defendant City of Columbus in the use of physical force during an investigation and arrest and writing reports about that use, was subject to being supervised and disciplined by Defendant City of Columbus when excessive force was used or fabricated or misleading reports written

**IV.    FACTS**

10.  On August 9, 2022, Plaintiff Boyde ran into a friend of his at a local restaurant, Papa Joe's Pizza.

3

11. Plaintiff Boyde's friend, who he had known for a number of years, knew that he had recently been seeking opportunities to earn some extra income and introduced him to a couple, a man and a woman, who needed a ride to pick up some items for one of their mothers.

12. Plaintiff Boyde agreed to meet the two individuals and learned that they lived above Papa Joe's.

13. Plaintiff Boyde and his friend then met the couple in their apartment, who called the man's mother on speakerphone in his presence.

14. The mother explained that her son needed a ride to drop off some items for her.

15. Plaintiff Boyde was offered $40.00 to give the couple a ride in order to accomplish this errand for the man's mother, which he agreed to do.

16. The two individuals went to their apartment above Papa Joe's and gathered some items, including a backpack, duffle bag, clothes, and towels.

17. After stopping at their apartment, the individuals met at Plaintiff Boyde's car parked nearby.

18. The couple directed Plaintiff Boyde to the area that they needed to go, which was towards State Route 161 and Dublin-Granville Road.

19. As Plaintiff Boyde was following their directions, the couple pointed out a nearby mall and told him that was where they needed to go to "pick something up for his mom" from one of the stores, where they said the man's friend worked.

20. Plaintiff Boyde assumed that the stop was related to picking up items for the man's mother and did not think much more of it; the couple instructed him to park around the corner, stating they would "be right back."

21. Plaintiff Boyde did as he was instructed and waited for the individuals to return from their purported shopping trip.

22. Approximately seven minutes later, the couple returned to Plaintiff Boyde's car, and asked him to drive them back to Papa Joe's.

23. Plaintiff Boyde agreed; however, while on the way back, the man that hired Plaintiff Boyde called his mother again on speakerphone, and, for some unknown reason, his mother said that she did not believe that Plaintiff Boyde should be paid the agreed $40.00, as it seemed to be too much money for the ride.

24. This annoyed Plaintiff Boyde, who protested that they agreed on a price, and that he already held up his end of the agreement by giving them the ride, so he still needed to be paid.

25. The man was angry at this point and attempted to exit Plaintiff Boyde's car while he was still driving.

26. Given that the man was attempting to exit the vehicle in an unsafe manner, Plaintiff Boyde stopped the car to let him out safely.

27. The man began yelling at the woman to get out of Plaintiff Boyde's car as well, and she responded that she was not going to get out.

28. After a few moments, the man got back in the car, and Plaintiff Boyde continued driving towards Papa Joe's again.

29. As they started driving, Plaintiff Boyde noticed a Columbus Police cruiser following them; the man became concerned that Plaintiff Boyde was about to be pulled over and stated, "man, they're gonna pull us over!"

30. Plaintiff Boyde assured him that he did not violate any traffic laws and that they would not be pulled over.

31. However, to Plaintiff Boyde's surprise, a Columbus Police Officer drove the cruiser right up to his car, forcing him to pull over, and initiated a traffic stop.

32. While Plaintiff Boyde and the others were sitting in the car waiting to interact with the officer, Defendant Endsley arrived at the stop and parked a few feet in front of Plaintiff Boyde's car.

33. Defendant Endsley walked to Plaintiff Boyde's open driver side window and ordered him to "keep [his] hands up," with his gun drawn.

34. Plaintiff Boyde immediately complied with order, despite that Defendant Endsley barked "are you fucking deaf?"



35. The above photograph is a true and accurate screenshot taken from a recording of Defendant Endsley's body worn camera on August 9, 2022.

36. Plaintiff Boyde, whose hands were clearly raised, protested, telling Defendant Endsley that he "had [his] hands up the whole time."

6

37. Without providing any further order Defendant Endsley opened Plaintiff Boyde's car door.



38. The above photograph is a true and accurate screenshot taken from a recording of Defendant Endsley's body worn camera on August 9, 2022.

39. Defendant Endsley then grabbed Plaintiff Boyde's arm.



40. The above photograph is a true and accurate screenshot taken from a recording of Defendant Endsley's body worn camera on August 9, 2022.

41. Plaintiff Boyde asked, "What are you doing sir?"

42. Defendant Endsley stated, "I'm asking you to get out of the car."

43. By this time, Defendant Snyder arrived at the door to assist Defendant Endsley.

44. Two seconds after Defendants Endsley and Snyder placed their hands on Plaintiff Boyde, they violently pulled him from the car.

45. Defendant Endsley, while violently pulling Plaintiff Boyde from his car, expressed his anger towards him by yelling, "Get out of the motherfucking car!"

46. Defendants Endsley and Snyder then slammed Plaintiff Boyd into the ground face first and placed him in handcuffs.



47. The above photograph is a true and accurate screenshot taken from a recording of Defendant Endsley's body worn camera on August 9, 2022.

48. Defendants Endsley and Snyder violently pulled Plaintiff Boyde from his car only two seconds after opening the door, depriving him of any meaningful opportunity to comply with their order to step out of the car.

49. Within about five seconds, Plaintiff Boyde was slammed to the ground, face-first, by the Defendant Officers.

50. Defendant Officers then arrested Plaintiff and placed him in handcuffs, while he was still on the ground.

51. The violent actions of Defendants Endsley and Snyder caused Plaintiff Boyde to suffer injuries that required treatment at the emergency room, including a bloody nose and an injured shoulder.

52. Plaintiff Boyde reported shoulder pain and that he could not move his arm well.

53. Plaintiff Boyde was also experiencing facial pain.

54. Plaintiff Boyde did not consent to be touched by Defendants Endsley and Snyder.

55. Defendants Endsley and Snyder acted intentionally in touching Plaintiff Boyde.

56. Defendant Officers then searched Plaintiff's person and placed him in the back of Defendant Endsley's police cruiser, still in handcuffs.

57. Defendant Officers then searched Plaintiff Boyde's vehicle, which still contained the items from the couple whom he had provided a ride.

58. Unbeknownst to Plaintiff Boyde, the couple allegedly possessed stolen goods that were taken from a store earlier that day; Plaintiff Boyde later heard that a tracking tag in the store's merchandise may have caused the officers to pull him over in the first place.

59. Ultimately, EMS was called to the scene to treat Plaintiff Boyde's injuries.

60. After EMS left, Plaintiff Boyde remained in the cruiser in handcuffs; he was detained for over an hour before being released with a summons, charging him with a single count of "failure to comply" during the encounter.

61. Upon release, Plaintiff Boyde took himself to the emergency room because he still could not move his shoulder without significant pain.

62. All of the said acts alleged herein were done by Defendants Endsley and Snyder within the scope of their employment; under color of state law; and recklessly, wantonly, in bad faith, and/or maliciously.

63. Before August 9, 2022, it was well within the knowledge of the Defendant City of Columbus, based on past instances involving its Police Department, that its officers were prone to deploying force to subdue subjects, and to do so more than occasionally, often crossing the boundary into excessive force.

64. This use of excessive force was commonly observed in situations where officers found themselves carried away in the heat of the moment, believed they had been treated disrespectfully, wanted to capture the subject's full attention and cooperation during an investigation, and viewed the subject as a repeat offender or lower-class member of society who needed to be taught a lesson.

65. Before August 9, 2022, Defendant City of Columbus did not provide training about, adopt and effectively disseminate clear and specific policies regarding, or adequately supervise or discipline for use of excessive force in situations where its officers got caught up in the excitement of the moment, believed they had been treated disrespectfully, wanted to capture the subject's full attention and cooperation during an investigation, and viewed the subject as a repeat offender or lower-class member of society who needed to be taught a lesson.

66. Defendant City of Columbus was deliberately indifferent in the training, adoption and dissemination of policies, supervision, and discipline of its officers for using force, especially when they are caught up in the excitement of the moment, believed they had been treated disrespectfully, wanted to capture the subject's full attention and cooperation during an investigation, and viewed the subject as a repeat offender or lower-class member of society who needed to be taught a lesson were closely related to or actually caused the injuries Plaintiff suffered.

67. Before August 9, 2022, Defendant City of Columbus knew from previous experience with the officers in its Police Department that, to avoid discipline or civil liability, they would fabricate inculpatory facts in their police reports and/or omit material exculpatory ones whenever a potential claim of excessive force arose.

68. Before August 9, 2022, Defendant City of Columbus facilitated its police officers' fabrication of inculpatory facts in their police reports and/or omission of material exculpatory facts in order to overcharge and entice suspects to enter plea bargains and execute a release or waiver of any claims for excessive force against Defendant City of Columbus Police Department and its officers.

69. Defendant City of Columbus was deliberately indifferent in the training, adoption and dissemination of policies, supervision, and discipline of its officers for such fabrication and omission.

70. Following their use of excessive force against Plaintiff Boyde, Defendants Endsley and Snyder charged him with "failure to comply" under R.C. 2109.01(A), a misdemeanor of the first degree.

71. Defendants Endsley and/or Snyder fabricated and swore out an affidavit of probable cause and criminal charge in support of this charge, falsely alleging that Plaintiff Boyde somehow failed to comply with an order during this encounter.

72. Defendants Endsley and Snyder completely lacked the requisite probable cause that would be needed to support a criminal charge against Plaintiff for failure to comply, knew that such probable cause was lacking, and maliciously proceeded with filing the criminal charge anyways.

73. On November 28, 2022, this charge was dismissed and, thus, resolved entirely in Plaintiff Boyde's favor.

74. Defendants Endsley's and Snyder's actions, including knowingly making false claims to manufacture probable cause against Plaintiff Boyde and using excessive force against him, were wanton, willful, reckless, in bad faith, and in knowing violation of his rights.

75. As a proximate result of the said acts by the Defendants, Plaintiff Boyde has suffered, and continues to suffer, damages, including loss of income and legal and other expenses, physical pain and suffering, reputational harm, emotional anguish, embarrassment, and fear.

V. **CLAIMS FOR RELIEF**

A. **First Count: Violation of Fourth and Fourteenth Amendment Rights**

76. The preceding paragraphs are realleged and incorporated herein.

77. By using excessive force, Defendants Endsley and Snyder violated Plaintiff's privacy and bodily integrity protected by the Fourth and Fourteenth Amendments.

78. By its deliberate indifference to the policies, training, supervision, and discipline needed to prevent its police officers from using excessive force in circumstances similar to those involving Plaintiff and fabricating or omitting material facts from their reports whenever a potential claim of excessive force arose, Defendant City of Columbus caused Plaintiff's deprivation of civil rights and injuries and thereby violated the Fourth and Fourteenth Amendments.

79. Defendants' actions, under color of law, in initiating and persisting in the prosecution of Plaintiff without probable cause and causing the deprivation of his liberty, violated the Fourth and Fourteenth Amendments to the U.S. Constitution.

80. Defendants' malicious prosecution of Plaintiff and use of excessive force against him, in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution, is actionable under 42 U.S.C. § 1983.

B. **Second Count: Battery**

81. The preceding paragraphs are realleged and incorporated herein.

82. By using excessive force against Plaintiff Boyde without his consent, express or implied, to being touched and causing him reasonably foreseeable injuries, Defendants Endsley and Snyder committed battery.

### C. Third Count: Civil Liability for Criminal Acts under R.C. 2307.60

83. The preceding paragraphs are realleged and incorporated herein.

84. Defendants Endsley's and Snyder's actions described above violated Ohio Revised Code Section 2921.45, which makes it a crime for Ohio public servants to knowingly deprive, conspire, or attempt to deprive any person of a constitutional or statutory right, and Section 2921.13(A)(2), which makes it a crime for any person to knowingly make a false statement or swear or affirm to the truth of a previously made false statement with purpose to incriminate another. Such criminal conduct is actionable pursuant to Section 2307.60 of the Revised Code.

### D. Fourth Count: Malicious Prosecution

85. The preceding paragraphs are realleged and incorporated herein.

86. Defendants Endsley's and Snyder's filing of and persisting in criminal charges against Plaintiff, without probable cause and with malice, constituted malicious prosecution for which they are liable to Plaintiff.

### E. Fifth Count: False Arrest / Imprisonment

87. The preceding paragraphs are realleged and incorporated herein.

88. Defendants Endsley's and Snyder's arrest of Plaintiff and depriving him of his liberty in detaining him, without probable cause to do so, constituted a false arrest and/or imprisonment for which they are liable to Plaintiff.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally,

a. declaring that they have violated his civil rights and Defendants Endsley and Snyder committed battery against him;

b. ordering such equitable relief as will make him whole for Defendants' unlawful conduct;

c. pre- and post-judgment interest;

d. costs and reasonable attorneys' fees;

e. awarding compensatory and, against Defendants Endsley and Snyder, punitive damages in excess of $25,000;

f. granting such other relief as the Court may deem appropriate.

Respectfully submitted,

By: /s/ *Madeline J. Rettig*
Madeline J. Rettig (0098816)
(*mrettig@marshallforman.com*)
John S. Marshall (0015160)
(*jmarshall@marshallforman.com*)
Edward R. Forman (0076651)
(*eforman@marshallforman.com*)
Samuel M. Schlein (0092194)
(*sschlein@marshallforman.com*)
Helen M. Robinson (0097070)
(*hrobinson@marshallforman.com*)
MARSHALL FORMAN & SCHLEIN LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

**OF COUNSEL:**
Louis A. Jacobs (002101)
(*LAJOhio@aol.com*)
177 19th St., Apt. 9C
Oakland, CA 94612
(614) 203-1255
Fax (614) 463-9780

## JURY DEMAND

Plaintiff demands a trial by jury on all issues and defenses triable to a jury.

By: /s/ *Madeline J. Rettig*
Madeline J. Rettig (0098816)