UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DUANE BOYDE,**
      **Plaintiff,**

   v.

**CITY OF COLUMBUS,** *et al.*,
      **Defendants.**

Case No. 2:23-cv-2543
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

**OPINION AND ORDER**

This matter is before the Court on Defendants City of Columbus, Austin Endsley, and Daniel Snyder's Motion to Stay Proceedings under § 3932 of the Servicemembers Civil Relief Act (the "Act"). (Mot., ECF No. 8; 50 U.S.C. § 3932.) Plaintiff Duane Boyde did not respond, and this Court construes the Motion as unopposed.

**I.**    **Background**

Plaintiff alleges that Officer Endsley and Officer Snyder, two City of Columbus police officers, used excessive force and caused him injuries when they removed Plaintiff from the vehicle he was driving after the officers pulled him over. (Complaint, ECF No. 1, PageID #8–10.) Plaintiff accuses the officers of falsely alleging that he failed to comply with an official order. (*Id.*, PageID #11.) He also accuses the City of Columbus of deliberate indifference regarding the training of its officers and the adoption and dissemination of policies, proximately causing his injuries. (*Id.*, PageID #11–12.) The incident occurred on August 9, 2022, and Plaintiff brought this suit on August 9, 2023. (*Id*, PageID #1–2.)

Officer Endsley is a Staff Sargent in the United States Air Force Reserve in addition to his position as a police officer with the City of Columbus. (Mot., PageID #60.) He was ordered to active military service at Grissom Air Reserve Base near Kokomo, Indiana from February 19, 2024 until February 22, 2025. (*Id.*) On May 31, 2024, Defendants moved this Court under the Act for a

1

stay of all proceedings until February 23, 2025. (*Id.*, PageID #61; 50 U.S.C. § 3932.)

## II. Analysis

Section 3932 of the Act "applies to any civil action or proceeding . . . in which the plaintiff or defendant at the time of filing an application under this section—(1) is in military service or is within 90 days after termination of or release from military service; and (2) has received notice of the action or proceeding." 50 U.S.C. § 3932(a). Before entering final judgment, "the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days." 50 U.S.C. § 3932(b)(1). To meet the conditions for a stay, a servicemember's application must include:

> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 U.S.C. § 3932(b).

The Act "is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *Boone v. Lightner*, 319 U.S. 561, 575 (1943); *see Galgano v. Cnty. of Putnam, New York*, No. 16-CV-3572 (KMK), 2016 WL 11701301, at *1 (S.D.N.Y. Nov. 15, 2016) (collecting cases) ("[C]ourts have held that the provisions of the [Act] are to be 'liberally construed' and applied in a 'broad spirit of gratitude towards service personnel.'") (quoting *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995)).

In support of their Motion, Defendants filed an Affidavit of Officer Endsley (Affidavit, ECF No. 8-1), a letter from Officer Endsley's commanding officer (Letter, ECF No. 8-2), and Officer Endsley's active-duty orders (Orders, ECF No. 8-3). Officer Endsley's Orders indicate that

2

he will be on active-duty service for 370 days, ending on February 22, 2025. (Orders, PageID #66.) In his Affidavit, Officer Endsley contends he cannot appear before this Court before February 23, 2025, due to his service. (Affidavit, PageID #63.) He includes a list of his training requirements, including travel to Nevada, Arizona, Delaware, and Wisconsin, and states he requested and was denied military leave to appear in proceedings before this Court. (*Id.*) In the Letter, his commanding officer attests that Officer Endsley's request for leave was denied and explains that Officer Endsley will have more courses to attend throughout the remainder of his active-duty service. (Letter, PageID #65.)

This Court finds that the exhibits attached to Officer Endsley's Motion are sufficient to meet the requirements of the Act. Because all of Plaintiff's claims directly stem from acts that Plaintiff alleges Officer Endsley took directly against him, this Court finds it prudent to stay all proceedings until Officer Endsley returns from active-duty service, which will occur approximately 120 days after the date of this Order. In addition to the minimum 90-day stay contemplated in the Act, this Court will therefore grant the stay for an additional time, as requested, to account for the duration of Officer Endsley's active-duty service.

### III. CONCLUSION

Defendants' Motion to Stay is **GRANTED**. (ECF No. 8.) All proceedings here are **STAYED** until **February 23, 2025**, or until defense counsel files a notice that Officer Endsley has returned from his deployment and is able to proceed, whichever occurs first.

**IT IS SO ORDERED.**

**11/4/2024**  **s/Edmund A. Sargus, Jr.**
**DATE**     **EDMUND A. SARGUS, JR.**
           **UNITED STATES DISTRICT JUDGE**